Filing # 57951154 E-Filed 06/19/2017 04:01:16 PM

                                              IN THE CIRCUIT COURT, FOURTH
                                              JUDICIAL CIRCUIT, IN AND FOR
                                              DUVAL COUNTY, FLORIDA

                                              CASE NO.:

                                              DIVISION:

**JUANITA YVONNE GREEN AND JESSICA THOMAS**, as Personal Representatives of the Estate of VICTO EMANUEL LAROSA, III, for the benefit of surviving child, T▇▇▇▇ J. L▇▇▇▇▇, and surviving parent, **JUANITA YVONNE GREEN**, and the Estate of VICTO EMANUEL LAROSA, III,

Plaintiffs,

v.

**THE CITY OF JACKSONVILLE, FLORIDA**, a political subdivision of the State of Florida, **THE JACKSONVILLE SHERIFF'S OFFICE**, an Agency of the Consolidated City of Jacksonville, **MIKE WILLIAMS**, in his official capacity as Sheriff of Jacksonville, Duval County, Florida, and **MIKE BOREE**, in his individual capacity,

Defendants.
_____/

## COMPLAINT

      Plaintiffs, **JUANITA YVONNE GREEN** and **JESSICA THOMAS**, as Personal Representatives of the Estate of VICTO EMANUEL LAROSA, III, Deceased, for the benefit of minor child, T▇▇▇▇ J. L▇▇▇▇▇, and the surviving parent, **JUANITA YVONNE GREEN**, and the Estate of VICTO EMANUEL LAROSA, III, Deceased, hereby sue **THE CITY OF JACKSONVILLE, FLORIDA**, a political subdivision of the State of Florida (hereinafter "Defendant, **THE CITY OF JACKSONVILLE**"),

**JACKSONVILLE SHERIFF'S OFFICE**, an Agency of the Consolidated City of Jacksonville (hereinafter "Defendant, **JSO**"), **MIKE WILLIAMS**, in his official capacity as Sheriff of the Consolidated City of Jacksonville, Duval County, Florida (hereinafter "Defendant, **WILLIAMS**"), and Officer **MIKE BOREE** (hereinafter "Defendant, **BOREE**"), in his individual capacity, and as grounds therefore allege:

### I. PARTIES

1.  Plaintiff **JUANITA YVONNE GREEN** is one of the surviving parents of VICTO EMANUEL LAROSA, III, Deceased, and Plaintiff **JESSICA THOMAS** is the mother and natural guardian of minor child, T█████ J. L█████, the sole surviving child of VICTO EMANUEL LAROSA, III, who have been duly appointed as the Personal Representatives of the Estate of VICTO EMANUEL LAROSA, III (See Exhibit 1, Letters of Administration and Exhibit 2, Order Appointing Personal Representatives).

2.  The potential beneficiaries of the Estate of VICTO EMANUEL LAROSA, III in this action and the relationship of each to the decedent are as follows:

    a.  T█████ J. L█████, sole surviving child;

    b.  JUANITA YVONNE GREEN, surviving parent;

    c.  VICTO LAROSA, SR., surviving parent; and

    d.  The Estate of VICTO EMANUEL LAROSA, III.

3.  At all times relevant hereto, and at the time of his death on July 2, 2015, VICTO EMANUEL LAROSA, III, was a citizen of the United States and a resident of Jacksonville, Duval County, Florida.

4.  At all times relevant hereto, and at the time of VICTO EMANUEL LAROSA, III's death on July 2, 2015, Plaintiffs **JUANITA YVONNE GREEN** and

2

**JESSICA THOMAS**, as Personal Representatives of the Estate of VICTO EMANUEL LAROSA, III, were citizens of the United States and residents of Jacksonville, Duval County, Florida.

5. At all times material hereto, Defendant, **THE CITY OF JACKSONVILLE**, was and is the consolidated local government of Duval County, Florida, and is a political subdivision of the State of Florida located in Duval County, Florida, organized and existing under the laws of the State of Florida, and is responsible for the public safety within its boundaries.

6. At all times material hereto, Defendant, **JSO**, was and is an Agency of the Consolidated City of Jacksonville, Duval County, Florida, and responsible for the public safety within its boundaries.

7. At all times material hereto, John Rutherford was the Sheriff of the Consolidated City of Jacksonville and Duval County, Florida. Defendant, **WILLIAMS**, is now the duly elected Sheriff of the Consolidated City of Jacksonville and Duval County, Florida, and stands in the stead of John Rutherford as the Sheriff of the Consolidated City of Jacksonville and Duval County, Florida. In his official responsibility as Sheriff, Defendant, **WILLIAMS**, was responsible for the supervision, training, instruction, discipline, control, and conduct of police officers of the Jacksonville Sheriff's Office, and further makes policy for Jacksonville Sheriff's Office with respect to the use of force. At all times material, Defendant, **WILLIAMS**, had the power, right, and duty to train and control his officers, agents and employees to conform with the Constitution of the United States and to ensure that all orders, rules, instructions, and regulations promulgated for Jacksonville Sheriff's Office were consistent with the Constitution of the United States.

8. At all times material hereto, Defendant, **WILLIAMS**, was acting within his scope of employment as an officer employed by the Jacksonville Sheriff's Office, and was acting under the color of state law, ordinance, and/or regulations, policies, orders, and customs of the Defendant, **CITY OF JACKSONVILLE**, Defendant, **JSO**, the State of Florida, or the United States of America.

9. At all times material hereto, Defendant, **BOREE**, was acting within the scope of his employment as an officer employed by the Jacksonville Sheriff's Office, and was acting under the color of state law, ordinance, and/or regulations, policies, orders, and customs of the Defendant, **CITY OF JACKSONVILLE**, Defendant, **JSO**, the State of Florida, or the United States of America.

## II. JURISDICTION AND VENUE

10. This is a civil action for damages, and is brought under the provisions of the Florida Wrongful Death Act, Section 768.16, *et seq.*, Florida Statutes and Section 768.28, Florida Statutes; and pursuant to 42 U.S.C. §1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States, and common law, arising out of the wrongful death of VICTO EMANUEL LAROSA, III on July 2, 2015.

11. This action seeks monetary damages against Defendants in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest, attorney's fees and costs.

12. Venue is proper in this Court because the parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to the claims asserted herein occurred in this district.

13. All conditions precedent to the filing of this action have either been performed or waived, specifically including all conditions precedent as set forth in Section 768.28, Florida Statutes. (See Exhibit 3, Notice of Intent to Sue)

### III. FACTUAL ALLEGATIONS

14. On information and belief, on July 2, 2015, the Jacksonville Sheriff's Office conducted a drug sting operation wherein the deceased, VICTO EMANUEL LAROSA, III, subsequently became a subject of this operation.

15. The Jacksonville Sheriff's Office's Narcotics Division Tactical Team 3 began the day by conducting a meeting around 11:30 A.M., on July 2, 2015, wherein it is alleged that the team discussed the department's "Use of Force Policy," and the tactical procedures to be used during the drug sting operation. Thereafter, throughout the day, the team conducted several successful purchases of illegal drugs and made arrests.

16. Around 6:00 P.M. to 6:30 P.M., an undercover team was driving an undercover pickup truck when the team made visual contact with a suspected illegal drug dealer who was walking down the street. The undercover police officer who was the passenger in the undercover vehicle gave a non-verbal signal to the suspect by holding his hand to his mouth like he was looking for something to smoke, and the suspect nodded in the affirmative.

17. Thereafter, the driver of the drug team vehicle pulled to the side of the road and waited for the suspect to approach the vehicle. The police officer who made the non-verbal signal got out of the undercover vehicle and waited for the suspect to approach him.

18. As the suspect approached the undercover police officer he asked, "are you looking for some hard?" (Street lingo meaning crack cocaine). The undercover officer indicated he was looking for $60.00 worth, and the suspect indicated they would have to go to another location.

19. The suspect got into the back of the bed of the pickup and gave verbal directions to the Mayfair Village Apartments located at 3539 Beach Boulevard, Jacksonville, Florida.

20. Upon arriving at the Mayfair Village Apartments, the suspect got out of the vehicle and said he would be back in a few minutes and went into the Mayfair Village Apartment complex. The suspect returned about five to ten minutes later saying that the drugs "looked like shit," and that he had another contact that was across the street.

21. A short time later, a silver four-door car pulled up behind the undercover vehicle facing the same direction. The undercover officer then gave the suspect $60.00 who then walked over to the driver's side of the silver car and returned shortly with three to four pieces of crack cocaine.

22. As the transaction was taking place an undercover officer gave the "take down" signal to the other team members indicating the drug deal had been completed.

23. As the undercover team was identifying themselves as police officers and taking suspects into custody, the silver four-door vehicle from which the drugs were purchased, and which was being operated by VICTO EMANUEL LAROSA, III (hereinafter "Mr. Larosa"), attempted to flee the scene, but the vehicle crashed and he exited the vehicle and fled on foot.

24. Defendant, **BOREE**, pursued Mr. Larosa and observed Mr. Larosa exit the vehicle and run between two houses.

25. Defendant, **BOREE** exited his vehicle and pursued Mr. Larosa on foot.

26. Defendant, **BOREE**, stated that he was about twenty feet behind Mr. Larosa when Mr. Larosa jumped a wire fence and into the backyard of a residence located at 3605 Drexel Street, Jacksonville, Florida.

27. Defendant, **BOREE**, then jumped the same wire fence and observed that Mr. Larosa had fallen to the ground.

28. Mr. Larosa's hands were in front of him and visible.

29. Defendant, **BOREE**, shot Mr. Larosa in the back.

30. Defendant, **BOREE**, had become enraged because he believed Mr. Larosa had run over and killed a fellow police officer.

31. Defendant, **BOREE**, callously and illegally decided to use deadly force in shooting Mr. Larosa in the back, and when Mr. Larosa had ceased his efforts to avoid arrest, was on his knees on the ground with his back to Defendant, **BOREE**, and was unarmed.

32. At no time did Mr. Larosa, threaten Defendant, **BOREE**, or anyone else with force of any kind after he exited his vehicle and fled on foot.

33. After exiting his vehicle, Mr. Larosa never took a position of attack or was in any manner a threat to Defendant, **BOREE**, or the general public in a manner which fatal or excessive force might have been justified.

34. Defendant, **BOREE**'s actions were entirely unjustified and his actions constituted excessive use of force and abuse of power. The brutal shooting of Mr.

Larosa by Defendant, **BOREE**, was carried out in such a grossly negligent fashion that it demonstrated a lack of regard for Mr. Larosa's right to be free from unnecessary and unlawful bodily harm or threats and without the due care and diligence which a prudent and reasonable officer would have displayed.

35. The brutal shooting by Defendant, **BOREE**, was carried out willfully, maliciously, and with such reckless disregard of the consequences as to reveal a conscious indifference to the clear risk of death to Mr. Larosa.

36. As a direct result of the gunshot wounds due to the excessive force used by Defendant, **BOREE**, Mr. Larosa died.

37. Defendant, **BOREE**, used inappropriate, unwarranted, and unjustifiable force against Mr. Larosa as he was on his knees, unarmed and facing away from Defendant, **BOREE**, and presented no immediate threat or harm to Defendant, **BOREE**, or others.

38. In committing the acts alleged in the preceding paragraphs, Defendant, **BOREE**, was employed by the Jacksonville Sheriff's Office and acting at all relevant times within the scope of his employment relationship.

39. At all times relevant hereto, Mr. Larosa was unarmed and posed no threat of substantial harm to Defendant, **BOREE**, or to the public.

### COUNT I—VIOLATION OF 42 U.S.C. §1983
### POLICY, CUSTOM, OR USAGE OF
### DEFENDANTS, CITY OF JACKSONVILLE, JSO, AND WILLIAMS

40. Plaintiffs repeat and incorporate the allegations contained in paragraphs 1-39 as if fully stated herein.

41. This is an action for damages against the Defendants **THE CITY OF JACKSONVILLE, JSO,** and Defendant, **WILLIAMS,** in his official capacity as the Sheriff of Duval County, Florida for the deprivation of VICTO EMANUEL LAROSA, III's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

42. At all times material hereto, the employees, agents and/or officers of Defendant, **WILLIAMS,** including the officer named as defendant herein, were acting under the color of state law and pursuant to the policy, custom, and/or usage of the **THE CITY OF JACKSONVILLE** and **JSO**.

43. Defendants, **THE CITY OF JACKSONVILLE, JSO,** and **WILLIAMS,** created and allowed policies, custom, or usage whereby its police officers in pursuing and effecting arrests, used excessive force when doing so, and failed to give proper medical treatment to suspects that had been placed in custody and required medical treatment including VICTO EMANUEL LAROSA, III.

44. Defendants, **THE CITY OF JACKSONVILLE, JSO,** and **WILLIAMS,** created and allowed policies, custom, or usage whereby they failed to adequately supervise, discipline and train their employees, agents and officers, including the officer named as a defendant herein, in the appropriate use of force.

45. Defendants, **THE CITY OF JACKSONVILLE, JSO,** and **WILLIAMS,** through their policies, custom, or usage, also hired officers who were substandard and who were not properly trained and disciplined, including Defendant, **BOREE,** who lacked sufficient defensive tactics training in the use of firearms, and the use of excessive force.

46.  Defendants, **THE CITY OF JACKSONVILLE, JSO,** and **WILLIAMS,** created and allowed policies, custom, or usage wherein its police officers failed to intervene to stop other officers from using excessive force in detaining suspects including VICTO EMANUEL LAROSA, III.

47.  Defendants, **THE CITY OF JACKSONVILLE, JSO,** and **WILLIAMS,** ratified the misconduct of Defendant, **BOREE,** against VICTO EMANUEL LAROSA, III by failing to conduct an adequate internal investigation of the July 2, 2015, incident, including the use of excessive force by the officers, the officers' failure to provide medical care for VICTO EMANUEL LAROSA, III, the failure of the officers to use their audio recording equipment during their interaction with VICTO EMANUEL LAROSA, III, and failing to discipline Defendant, **BOREE.**

48.  The failure of Defendants, **THE CITY OF JACKSONVILLE, JSO,** and **WILLIAMS,** to: properly supervise officers; properly discipline officers; properly train officers; properly hire and retain officers; prevent the use of excessive force during detentions; and properly provide medical treatment to suspects in need of such treatment once in custody constitutes deliberate indifference, willful conduct, and knowing conduct towards the public in general and specifically towards VICTO EMANUEL LAROSA, III.

49.  The employees, agents and officers of Defendants, **THE CITY OF JACKSONVILLE, JSO,** and **WILLIAMS,** including the named defendant police officer, through their above-described actions, deprived VICTO EMANUEL LAROSA, III of his rights, privileges and immunities secured by the Fourth Amendment of the Constitution

of the United States including the right to be secure in his person against the unreasonable use of excessive force.

50.     Defendants, **THE CITY OF JACKSONVILLE, JSO,** and **WILLIAMS**, including the employees, agents and police officers of the Jacksonville Sheriff's Office, through the actions described above, deprived VICTO EMANUEL LAROSA, III of his rights, privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States, including the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful use of excessive force and those fundamental rights of due process, liberty and life as guaranteed by the Constitution.

51.     As a direct and proximate and foreseeable result of the above-mentioned violations of VICTO EMANUEL LAROSA, III's constitutional rights in accordance with the policy, custom, or usage of Defendants, **THE CITY OF JACKSONVILLE, JSO,** and **WILLIAMS**, VICTO EMANUEL LAROSA, III suffered physical injury, pain, suffering, emotional distress, disability and death.

52.     As a result of VICTO EMANUEL LAROSA, III's injury and death, Plaintiffs are entitled to recover all damages allowable for violation of 42 U.S.C. §1983 including compensatory damages, all costs incurred in prosecuting this action and attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs, **JUANITA YVONNE GREEN** and **JESSICA THOMAS**, as Personal Representatives of the Estate of VICTO EMANUEL LAROSA, III, deceased, for the benefit of his Estate and his statutory survivors, demands judgment for damages against the Defendants, **THE CITY OF JACKSONVILLE, JSO,** and

**WILLIAMS**, in his official capacity as the Sheriff of Duval County, Florida, for the constitutional violations, civil rights violations, and acts and omissions as set forth herein and for all damages allowed by law including compensatory damages, costs and attorney's fees and further demands trial by jury on all issues so triable.

### COUNT II—VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT, BOREE

53. Plaintiffs repeat and incorporate the allegations contained in paragraphs 1-39 as if fully stated herein.

54. This is an action for damages against Defendant, **BOREE**, for the deprivation of VICTO EMANUEL LAROSA, III's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

55. At all times material hereto, Defendant, **BOREE**, was acting under the color of state law and pursuant to the policy, custom, and/or usage of the Jacksonville Sheriff's Office.

56. Defendant, **BOREE**, through the actions described above, deprived VICTO EMANUEL LAROSA, III of his rights, privileges and immunities secured by the Fourth Amendment of the Constitution of the United States including the right to be free from unreasonable seizures and excessive force against his person. Defendant, **BOREE**, also failed to provide medical care to VICTO EMANUEL LAROSA, III.

57. Defendant, **BOREE**, through the actions described above, deprived VICTO EMANUEL LAROSA, III of his rights, privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States, including the right to liberty, the right to substantive and procedural due process, the right to be free from unlawful detention and imprisonment, the right to be free from unlawful seizure, and

those fundamental rights of due process, liberty and life as guaranteed by the Constitution.

58. As a direct and proximate result of the above-mentioned violations of VICTO EMANUEL LAROSA, III's constitutional rights, VICTO EMANUEL LAROSA, III suffered physical injury, pain, suffering, emotional distress, disability, and death.

59. As a result of VICTO EMANUEL LAROSA, III's injury and death, Plaintiffs are entitled to recover all damages allowable for violation of 42 U.S.C. §1983 including compensatory damages, all costs incurred in prosecuting this action and attorney's fees pursuant to 42 U.S.C. §1988.

60. Plaintiff is also seeking punitive damages against Defendant, **BOREE**, because the conduct set forth above constitutes deliberate indifference, willful conduct, and intentional conduct towards the public in general and specifically VICTO EMANUEL LAROSA, III and this conduct caused injuries resulting in his death.

WHEREFORE, Plaintiffs, **JUANITA YVONNE GREEN** and **JESSICA THOMAS**, as Personal Representatives of the Estate of VICTO EMANUEL LAROSA, III, deceased, for the benefit of his Estate and his statutory survivors, demands judgment for damages against the Defendant, **BOREE**, whose constitutional violations, civil rights violations, misconduct, and acts and omissions as set forth herein caused VICTO EMANUEL LAROSA, III's injuries and death, and for all damages allowed by law including compensatory damages, punitive damages, costs and attorney's fees and further demands trial by jury on all issues so triable.

### COUNT III—WRONGFUL DEATH ACTION PURSUANT TO §768.16-768.26, FLORIDA STATUTES, AGAINST DEFENDANTS, THE CITY OF JACKSONVILLE, JSO, AND WILLIAMS

61. Plaintiffs repeat and incorporate the allegations contained in paragraphs 1-39 as if fully stated herein.

62. This is an action for damages against Defendants, **THE CITY OF JACKSONVILLE, JSO**, and **WILLIAMS**, in his official capacity as the Sheriff of the Consolidated City of Jacksonville, Duval County, Florida, for the wrongful death of VICTO EMANUEL LAROSA, III.

63. As a direct and proximate result of the negligent and intentional misconduct of Defendant, **BOREE**, described above, including the use of excessive force, and the failure to provide medical treatment, VICTO EMANUEL LAROSA, III suffered fatal injuries.

64. The Defendants, **THE CITY OF JACKSONVILLE, JSO**, and **WILLIAMS**, in his official capacity as the Sheriff of the Consolidated City of Jacksonville, Duval County, Florida are vicariously liable for the negligent and intentional misconduct of Defendant, **BOREE**, its employee, agent, and police officer.

65. As a direct and proximate result of the negligent and intentional misconduct of Defendant, **BOREE**, VICTO EMANUEL LAROSA, III died, and Defendants, **THE CITY OF JACKSONVILLE, JSO**, and **WILLIAMS**, in his official capacity as the Sheriff of the Consolidated City of Jacksonville, Duval County, Florida are responsible for his death and damages as set forth below:

    a. T▆▆▆ J. L▆▆▆, sole surviving minor child of VICTO EMANUEL LAROSA, III, pursuant to §768.18(2), has suffered and will continue to suffer the loss of his father's support and services and companionship, and has experienced mental pain and

    suffering in the past and will continue to suffer such pain in the future;

 b. JUANITA YVONNE GREEN, surviving parent of VICTO EMANUEL LAROSA, III, pursuant to §768.18(2), has suffered and will continue to suffer the loss of her son's support and services and companionship, and has experienced mental pain and suffering in the past and will continue to suffer such pain in the future;

 c. VICTO LAROSA, SR., surviving parent of VICTO EMANUEL LAROSA, III, pursuant to §768.18(2), has suffered and will continue to suffer the loss of his son's support and services and companionship, and has experienced mental pain and suffering in the past and will continue to suffer such pain in the future; and

 d. The Estate of VICTO EMANUEL LAROSA, III, has lost prospective net accumulations and has incurred medical and funeral expenses due to VICTO EMANUEL LAROSA, III's injury and death.

WHEREFORE, Plaintiffs, **JUANITA YVONNE GREEN** and **JESSICA THOMAS**, as Personal Representatives of the Estate of VICTO EMANUEL LAROSA, III, deceased, for the benefit of his Estate and his statutory survivors, demands judgment for damages against the Defendants, **THE CITY OF JACKSONVILLE, JSO**, and **WILLIAMS**, in his official capacity as the Sheriff of the Consolidated City of Jacksonville, Duval County, Florida for all damages allowed by law including compensatory damages and costs, and further demands trial by jury on all issues so triable.

## COUNT IV—WRONGFUL DEATH ACTION PURSUANT TO §768.16-768.26 FLORIDA STATUTES, AGAINST DEFENDANT, BOREE

66. Plaintiffs repeat and incorporate the allegations contained in paragraphs 1-39 as if fully stated herein.

67. This is an action for damages against Defendant, **BOREE**, for the wrongful death of VICTO EMANUEL LAROSA, III.

68. At all times material hereto, Defendant, **BOREE**, was acting under color of state law and under color of his authority as a police officer.

69. As a direct and proximate result of the misconduct of Defendant, **BOREE**, as described above, VICTO EMANUEL LAROSA, III suffered fatal injuries.

70. Defendant, **BOREE**'s misconduct was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

71. As a direct and proximate result of misconduct of Defendant, **BOREE**, VICTO EMANUEL LAROSA, III died, and Defendant, **BOREE**, is responsible for his death and damages as set forth below:

    a. T____ J. L____, sole surviving minor child of VICTO EMANUEL LAROSA, III, pursuant to §768.18(2), has suffered and will continue to suffer the loss of his father's support and services and companionship, and has experienced mental pain and suffering in the past and will continue to suffer such pain in the future;

    b. JUANITA YVONNE GREEN, surviving parent of VICTO EMANUEL LAROSA, III, pursuant to §768.18(2), has suffered and will continue to suffer the loss of her son's support and services and

    companionship, and has experienced mental pain and suffering in the past and will continue to suffer such pain in the future;

  c. VICTO LAROSA, SR., surviving parent of VICTO EMANUEL LAROSA, III, pursuant to §768.18(2), has suffered and will continue to suffer the loss of his son's support and services and companionship, and has experienced mental pain and suffering in the past and will continue to suffer such pain in the future; and

  d. The Estate of VICTO EMANUEL LAROSA, III, has lost prospective net accumulations and has incurred medical and funeral expenses due to VICTO EMANUEL LAROSA, III's injury and death.

WHEREFORE, Plaintiffs, **JUANITA YVONNE GREEN** and **JESSICA THOMAS**, as Personal Representatives of the Estate of VICTO EMANUEL LAROSA, III, deceased, for the benefit of his Estate and his statutory survivors, demands judgment for damages against the Defendant **BOREE** for all damages allowed by law including compensatory damages and costs, and further demands trial by jury on all issues so triable.

### COUNT V—GROSS NEGLIGENCE, INTENTIONAL, WILLFUL AND WANTON MISCONDUCT AND ASSAULT AND BATTERY AGAINST DEFENDANT, BOREE

72. Plaintiffs repeat and incorporate the allegations contained in paragraphs 1- 39 as if fully stated herein.

73. The above-described shooting was without legal justification. Defendant, **BOREE**, owed VICTO EMANUEL LAROSA, III, a duty to act prudently and with

reasonable care to avoid the use of unnecessary and unreasonable force, to secure reasonable and proper medical treatment, and not to act in a grossly negligent manner.

74. The Defendant, **BOREE**, breached the above duties and was negligent and grossly negligent, acted intentionally and/or grossly negligently, and acted so recklessly as to demonstrate a substantial lack of concern as to whether injury or death would result, and/or acted with willful and wanton misconduct toward VICTO EMANUEL LAROSA, III, breaching his duties in a number of ways, including, but not limited to:

    a. Failure to communicate with VICTO EMANUEL LAROSA, III, that deadly force was about to be used prior to using deadly force against VICTO EMANUEL LAROSA, III;

    b. Failure to obtain prompt and immediate emergency medical attention;

    c. Failure to follow police standards before applying deadly force;

    d. Failure to ascertain and understand the deceased, VICTO EMANUEL LAROSA's state of mind before shooting him;

    e. Failure to immediately render medical treatment at the scene; and

    f. Any and all additional acts of gross negligence and/or willful and wanton misconduct which may become known through the course of discovery.

75. Defendant, **BOREE**, committed an assault and battery on VICTO EMANUEL LAROSA, III, by shooting him and fatally injuring him.

76. As a direct and proximate result of misconduct of Defendant, **BOREE**, VICTO EMANUEL LAROSA, III died, and Defendant, **BOREE**, is responsible for his death and damages as set forth below.

WHEREFORE, Plaintiffs, **JUANITA YVONNE GREEN** and **JESSICA THOMAS**, as Personal Representatives of the Estate of VICTO EMANUEL LAROSA, III, deceased, for the benefit of his Estate and his statutory survivors, demands judgment for damages against the Defendant, **BOREE** for all damages allowed by law including compensatory damages and costs, and further demands trial by jury on all issues so triable.

Respectfully submitted this 19th day of June, 2017.

TERRELL HOGAN YEGELWELL, P.A.

/s/ James T. Terrell

James T. Terrell, Esq.
Florida Bar No.: 106212
Leslie Scott Jean-Bart, Esq.
Florida Bar No.: 0120286
233 East Bay Street, Ste. 804
Jacksonville, FL 32202
Terrell@TerrellHogan.com
sagle@TerrellHogan.com
Jean-Bart@TerrellHogan.com
cali@TerrellHogan.com
(904) 632-2424 (T)
(904) 647-6514 (F)
Attorneys for Plaintiff